IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JAMES E. WENNERSTEIN                                                                    PLAINTIFF
ADC # 163817

v.                                    2:25CV00084-BSM-JTK

LINDA SOUTHERN, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

I.   **INTRODUCTION**

James E. Wennerstein ("Plaintiff") is in custody at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 2).

On May 8, 2025, the Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis and directed service of Plaintiff's claims on Defendants Ball, Brown, Culclager, Davis, Haynes, McKinney, Payne, Peals, Randal, Richardson, Rucker, Southern, and Straughn

(collectively, "Defendants"). (Doc. No. 4). On June 23, 2025, Defendants filed a Motion to Set Aside Order granting IFP status. (Doc. No. 33).

In their Motion, Defendants informed the Court that Plaintiff filed earlier cases under the name of James Whitney. (Doc. No. 34 at 1, n. 1). Defendants also suggest that at least three of Plaintiff's previous filings had been dismissed as frivolous or failure to state a claim. (Id. at 1-2). After careful consideration, the Court recommends Defendants' Motion be granted, and that Plaintiff's complaint be dismissed pending the payment of the $405 administrative and filing fees.

## II.     SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. $1915A(a)$.[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with"

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim or as frivolous.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. § 1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff's claims in this case arise from a new requirement that inmates must request religious material through the chaplain, along with allegations that "there is clear discrimination

---

a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

[2] Plaintiff filed two of the earlier cases under the name James Whitney. The ADC number Plaintiff provided in those earlier filings, ADC # 163817, is identical to the ADC number in cases Plaintiff filed using the name James Wennerstein: Whitney v. Trump, 5:17-cv-00199-JLH (E.D. Ark.) (dismissed as frivolous on August 1, 2017) (affirmed on appeal); Whitney v. Glover, et al., 5:17-cv-00327-JLH (E.D. Ark.) (dismissed January 1, 2018 for failure to state a claim) (affirmed on appeal); and Wennerstein v. Kelley, 5:19-cv-00154-BRW (E.D. Ark.) (dismissed October 17, 2019 for failure to state a claim) (no appeal filed).

and antisemitism by the chaplain staff and facility administration in violation of the Religious Land Use and Institutionalized Persons Act." (Doc. No. 2).

Even liberally construing Plaintiff's Complaint, as this Court must, the Court finds Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. As such, Plaintiff's Complaint should be dismissed without prejudice pending payment of the $405.00 filing and administrative fee.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Set Aside Order granting IFP Status (Doc. No. 33) be GRANTED;

2. The Court revoke Plaintiff's IFP status;

3. Plaintiff's Complaint be DISMISSED without prejudice;

4. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 3rd day of July, 2025.

                                                                      _____
                                                                      JEROME T. KEARNEY
                                                                      UNITED STATES MAGISTRATE JUDGE